(8 Misc. Rep. 442.)

### RYSHPAN v. GOLDBERG et al.

(Superior Court of New York City, General Term. May 7, 1894.)

EQUITY—REFORMATION—PARTY.

Reformation of a mortgage cannot be decreed after it has been assigned, unless the assignee is made a defendant.

Appeal from special term.

Action by Paulina Ryshpan against Nathan M. Goldberg and others to reform a bond and mortgage. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Edward N. G. Johnston, for appellants.
Isidor Hirschfield, for respondent.

SEDGWICK, C. J. The action was for the reformation of a bond and mortgage by changing the date for their payment. The plaintiff had judgment against both defendants, who now appeal from it. The plaintiff was the mortgagor. The defendant Nathan Goldberg was the mortgagee. He assigned the bond and mortgage

to the defendant Manuel Goldberg. Among other defenses, Manuel Goldberg set up "that he is not the owner or possessor of the said bond and mortgage, or of either of them, and that one Mary Keheler is the owner thereof." The judge found that this answer was true in point of fact. Mary Keheler was not made a party to the action. The plaintiff had no equitable cause of action against the defendants. The defendants had no interest in the bond and mortgage. They were not in their possession. The court could not compel them to produce the same. A judgment against them would have no efficacy. Correspondingly, the plaintiff had no substantial interest in procuring judgment against the defendants, nor had the conduct of the latter been wrongful in any way against the plaintiff, if that consideration were relevant. The judgment should be reversed. Judgment reversed, and a new trial ordered, with costs to appellants to abide the event.